IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LESTER SPRIGG** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ALL AMERICAN QUALITY** | ) | |
| **FOOD, Inc. d/b/a FOOD DEPOT** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff, Lester Sprigg, files this Complaint against his former employer, Defendant, All American Quality Food, Inc. d/b/a Food Depot ("Food Depot"), for unpaid minimum wages and overtime wages in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### I.    Parties, Jurisdiction, and Venue

1.

Plaintiff, Mr. Sprigg, is a resident of the State of Georgia and may be served through the undersigned counsel.

2.

Defendant, Food Depot, is a Georgia corporation with its principal place of business in Henry County, Georgia. Defendant may be served with process through its registered agent, Rod G. Meadows.

3.

Defendant employs in excess of 100 employees in the State of Georgia.

4.

The claims contained in this suit arise under federal law and present federal questions; therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

5.

This Court has personal jurisdiction over Defendant because it is a resident and citizen of the State of Georgia.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in Henry County, which is in this Court's Atlanta Division.

## II.     Factual Allegations

7.

Food Depot owns and operates several grocery stores throughout the metro-Atlanta area.

8.

Food Depot hired Mr. Sprigg in approximately 2010.

9.

Mr. Sprigg resigned in approximately February 2015.

10.

During his employment with Food Depot, Mr. Sprigg routinely worked between 45 to 60 hours per week.

11.

Mr. Sprigg's salary at Food Depot was $7.65 per hour.

12.

Defendant never paid Mr. Sprigg for any time that he worked over forty hours in a given week.

13.

Mr. Spriggs's primary tasks were stocking shelves, bagging groceries, and assisting in other retail-related activities.

14.

Plaintiff has never been paid either regular wages or time and a half wages for any hours that he worked over forty hours in a given week.

15.

Mr. Sprigg was a non-exempt employee under the Fair Labor Standards Act.

16.

Defendant is an employer subject to the Fair Labor Standards Act.

17.

Defendant's annual revenue exceeds $500,000.00 per year.

## COUNT ONE: UNPAID OVERTIME IN VIOLATION OF FAIR LABOR STANDARDS ACT

18.

Plaintiff hereby incorporates by reference Paragraphs 1 through 18 of this Complaint as if set forth fully herein.

19.

Defendant failed to compensate properly Mr. Sprig for overtime hours worked during the relevant period in violation of 29 U.S.C. § 207.

20.

Upon information and belief, Defendant failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Mr. Sprigg for the time period required by law.

21.

Defendant acted willfully in failing to pay the overtime compensation required by the FLSA to Mr. Sprigg.

22.

Mr. Sprigg is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT TWO: UNPAID MINIMUM WAGE

23.

Defendant incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24.

From October 2013 until February 2015, Defendant was Mr. Sprigg's employer under the Fair Labor Standards Act.

25.

Defendant failed to pay Mr. Spriggs anything for any hours over forty hours per week.

26.

Because Mr. Sprigg *never* received payment or salary for the hours he worked in excess of forty hours in a given week, Defendant violated the Fair Labor Standards Act. 29 U.S.C. § 206.

27.

Defendant also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Mr. Sprigg for the time period required by law.

28.

Defendant acted willfully in failing to pay Mr. Sprigg the minimum wage under the FLSA.

29.

Mr. Sprigg is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Mr. Sprigg a jury trial;

B. Award Mr. Sprigg damages, including liquidated damages, in an amount to be proven at trial for Defendant's willful violation of the Fair Labor Standards Act in unlawfully failing to pay him overtime wages;

D. Award Mr. Sprigg attorneys' fees and costs in bringing this action; and

E. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 17th day of November, 2016.

s/Logan B. Winkles
Logan B. Winkles
Georgia Bar No. 136906
CANNON, MIHILL & WINKLES, LLC
101 Marietta Street, NW
Suite 3120
Atlanta, Georgia 30303
T: (404) 891-6700
F: (404) 891-6701
lwinkles@cmw-law.com
