# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Settlement Agreement") is entered into this _____ day of March, 2017 between Lester Spriggle ("Plaintiff") and All American Quality Foods, Inc. d/b/a Food Depot, ("Defendant").

## RECITALS

A.   Plaintiff claims that while an employee of Defendant, Defendant violated the Fair Standard Labor Act (hereinafter "the Allegation"). Plaintiff's allegations are more fully described in the lawsuit styled <u>Lester Spriggle v. All American Quality Foods Inc. d/b/a Food Depot,</u> Civil Action No. 1:16-CV-04286-ELR, in the United States District Court, Northern District of Georgia (hereinafter the "Action".)

B.   The Defendant, All American Quality Foods, Inc. filed its Answer denying many of the substantive allegations of Plaintiff's Complaint.

C.   The parties desire to enter into this Settlement Agreement in order to provide for certain payment in full settlement and discharge of all claims arising from or relating to the Allegation, upon the terms and conditions set forth herein.

## AGREEMENT

The parties agree as follows:

**1.0   Release and Discharge**

1.1   Plaintiff enters this Settlement Agreement on behalf of himself, his spouse, his heirs, administrator/executor of his estate, assigns, successors in interest, representatives and any and all other persons who may claim to assert a cause of action as a result of the Allegation, regardless of whether or not such other person(s) was or was not party to the Action.

1.2   In consideration of the payments provided for in this Settlement Agreement, Plaintiff hereby completely releases, acquits, and forever discharges the Defendant, and each of their respective past, present, and future officers, directors, stockholders, attorneys, agents, principals, servants, representatives, employees, heirs, executors, administrators, predecessors and successors in interest, subsidiaries, affiliates, partners, privies, assigns, and insurers (including re-insurers), and all other persons (including entities) that are or might be claimed to be liable to Plaintiff as a consequence of the Allegation (all of the foregoing being hereinafter collectively referred to as the "Released Parties") from any and all claims, demands, actions, causes of action, damages and costs (including attorneys' fees) whatsoever, of any and every kind and description, whether known or unknown, now existing or hereafter arising, as a result of or by reason of the Allegation, including but not limited to claims that were or could have been asserted in the Action.

1.3     Plaintiff covenants and agrees that the release and discharge set forth herein is a GENERAL RELEASE. Plaintiff knowingly waives, and assumes the risk of, any and all claims of any nature whatsoever, which exist as of this date, but which Plaintiff does not know or suspect to exist, including without limitation claims, which, if known, would have materially affected Plaintiff's decision to enter into this Settlement Agreement. Plaintiff hereby confirms and understands that facts relating to the Allegation may turn out to be other than or different from the facts now known or believed by Plaintiff to be true; Plaintiff knowingly assumes that risk and acknowledge and agree that this Settlement Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts.

1.4     Plaintiff covenants and agrees that Plaintiff has entered into this Settlement Agreement as a complete compromise and in full satisfaction of matters involving disputed issues of law and fact. All Parties stipulate that this Settlement Agreement is entered into in good faith as a compromise of a doubtful and disputed claim, and neither the payments provided for under Section 2, nor anything else contained in this Settlement Agreement, may be construed as an admission of liability on the part of Defendant, and that any such liability is expressly denied by Defendant.

1.5     Plaintiff covenants and agrees to defend, indemnify, and hold the Defendant harmless from and against any and all claims, demands, actions, causes of action, damages and costs arising out of or by reason of the Allegation.

1.6     Plaintiff and Plaintiff's attorney(s) covenant and agree that if asked by anyone about how this matter was resolved, they will limit their response to a statement that a mutually satisfactory confidential settlement was reached between the parties to this litigation. Plaintiff and Plaintiff's attorneys will not disclose to any media or trial or verdict reporter the amount or terms of this settlement. Plaintiff's counsel further agrees that any disclosure of this matter by counsel will be generic so that the named Defendants will not be identified in any way. The parties acknowledge Amos v. Commissioner of Internal Revenue, No. 1339-01, (U. S. Tax Ct., December 1, 2003), and hereby covenant and agree that $100.00 of the sums set forth in Section 2.0 is attributed to the consideration of the value of this confidentiality agreement, but this sum is not to be considered liquidated damages in the event of breach of confidentiality, and this sum shall not be admissible before the trier of fact in any trial where breach of confidentiality is litigated. The parties further acknowledge that the amount of this settlement may have to be disclosed to CMS, Medicare, and any other subrogee in connection with fulfillment of the Plaintiff's obligations in paragraph 1.6 above. The undersigned may inform their accountants and financial advisors of the amount of the settlement.

**2.0     Payment**

In consideration of the terms set forth above and below, Defendant agrees to pay to Lester Spriggle the sum of ONE THOUSAND FIVE HUNDRED DOLLARS and xx/100 ($1,500.00) within ten days of execution of this Agreement. The payment shall be directed to Lester Spriggle & Cannon, Mihill & Winkles. However, Plaintiff's counsel shall cause the

Payment amount to be distributed to Lester Spriggle in the amount of $1,100.00 and to Cannon, Mihill & Winkles' in the amount of $400.00.

### 3.0  Attorneys' Fees

Each party hereto shall be solely responsible for payment of such party's own attorneys' fees and costs in connection with the Allegation, the Action, the negotiation, documentation and implementation of this Settlement Agreement, including without limitation the dismissal of the Action, and all other matters arising from or related to the Allegation or the Action.

### 4.0  Dismissal of Action with Prejudice

The Parties agree to file a Joint Motion to Approve this Settlement Agreement. Upon approval by the Court, the Parties will file a stipulation of dismissal with prejudice in the event the Court does not dismiss the action.

### 5.0  Warranty of Capacity to Execute Agreement

Plaintiff represents and warrants that (i) except as otherwise specifically set forth herein, no other person or entity has or has had any interest in the claims, demands, actions, or causes of action referred to in this Settlement Agreement; (ii) Plaintiff has the sole right and exclusive authority to enter into this Settlement Agreement (including granting the releases provided for herein and receiving the payment specified for Plaintiff in Section 2.0); and (iii) Plaintiff has not sold, assigned, encumbered or otherwise transferred or conveyed to any other party any of the claims, demands, actions or causes of action referred to in this Settlement Agreement or any interest in any such claims, demands, actions or causes of action.

### 6.0  Entire Agreement; Binding Effect; Benefit of Agreement

This Settlement Agreement constitutes the entire agreement between the Plaintiff and the Defendant with respect to the matters set forth herein, and it supersedes any and all prior oral or written agreements, commitments or understandings with respect to such matters. This Settlement Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the parties hereto. Except as otherwise specified by applicable law, no other person or entity shall be deemed to have any rights under this Settlement Agreement or be entitled to bring any action to enforce any of its provisions.

### 7.0  Legal and Tax Advice; Comprehension of Agreement

In entering into this Settlement Agreement, Plaintiff represents that Plaintiff has relied solely upon his own counsel and other advisers of Plaintiff's choice, that the terms of this Settlement Agreement have been completely read by Plaintiff, and that such terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff specifically warrants that Plaintiff

has not sought, accepted, or relied upon any legal advice from Defendant's attorneys in agreeing to enter this Settlement Agreement.

**8.0  Governing Law**

This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Georgia.

**9.0  Additional Documents**

All parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

**10.0  Amendment**

This Settlement Agreement can be modified or amended only by an instrument in writing duly executed by all of the parties hereto.

**11.0  Effectiveness**

This Settlement Agreement shall become effective on the date on which it has been executed by the Plaintiff and Plaintiff's attorney.

**12.0  Headings**

The headings of each section contained herein are merely for the reader's convenience, and are of no legal effect or consequence.

**IN WITNESS WHEREOF,** the Plaintiff hereto has duly executed this Settlement Agreement.

_____
Lester Spriggle

Sworn to and subscribed before me
this _10th_ day of _March_, 2017.

_Sandy A. Robertson_
Notary Public
My Commission Expires: _06/30/2019_

Plaintiff's undersigned attorney hereby acknowledges and agrees that the undersigned attorney has discussed the foregoing Settlement Agreement with Plaintiff, and is satisfied that Plaintiff understands all terms of the Settlement Agreement. Plaintiff's attorney hereby agrees to abide by the confidentiality agreement described in Section 1.7.

This 13th day of March, 2017.

                                             /s/ Logan Winkles
                                             Logan Winkles